PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| BENNIE ANDERSON, | ) | CASE NO. 1:12 CV 488 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| D. BOBBY, | ) | |
| | ) | MEMORANDUM OF OPINION |
| Respondent. | ) | AND ORDER |

On February 29, 2012, Petitioner *pro se* Bennie Anderson filed the above-captioned habeas corpus action under 28 U.S.C. § 2254. Anderson is incarcerated in an Ohio penal institution, having been convicted in January 2006, pursuant to a jury verdict, of escape. As grounds for the Petition, he asserts he was denied a speedy trial, and that his conviction violated the Double Jeopardy Clause. For the reasons stated below, the Petition is denied and this action is dismissed.

The Petition reflects that Anderson's conviction was affirmed by the Ohio Court of Appeals on September 27, 2007. He filed a Motion for Delayed Appeal from that decision in November 2011 which was denied by the Ohio Supreme Court on January 18, 2012. *State v. Anderson*, 131 Ohio St.3d 1409 (2012).

Although the Petition does not specify the reasons Anderson's delayed appeal was not permitted, it appears that he failed to make the requisite showing of adequate reasons for the delay or otherwise failed to comply with Ohio Sup.Ct. R. II(2)(A)(4)(a). *See, e.g., Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996) (federal habeas court should presume State court,

which is silent concerning reason for denying claim, applied relevant state procedural rules in doing so). Anderson was procedurally barred from raising the grounds in the State court that he seeks to raise herein.

If a procedurally barred in State court, the Court will not consider those claims unless a petitioner establishes adequate cause to excuse his failure to raise the claims and actual prejudice to him. *Riggins v. McMackin*, 935 F.2d 790, 793 (6th Cir. 1991) (citing *Murray v Carrier*, 477 U.S. 478, 488 (1986)); *see also*, *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1990). No such showing is even suggested by the Petition.

Even absent Anderson's procedural default, his Petition is untimely under 28 U.S.C. § 2244(d)(1), which limits the filing of a habeas petition to one year after the conviction becomes final. His Motion for Delayed Appeal, which is unavailing because of its untimeliness, cannot restart the statute of limitations for a federal habeas action. *See*, *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001) (filing of delayed appeal to Ohio Supreme Court does not cause federal habeas statute of limitations to begin running anew). Further, petitioner does not claim that other circumstances set forth in 28 U.S.C. § 2244(d)(1) apply to toll the statute; nor does he suggest another basis for tolling the one year statute of limitations. Therefore, the Petition would be subject to dismissal as time-barred, in any event.

Accordingly, the Petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Petitioner's motion for appointment of counsel is denied. ECF No. 2. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

July 5, 2012                                /s/ Benita Y. Pearson
Date                                         United States District Court Judge